86 F.3d 1178
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Kenneth W.E. VANDERFORD, Petitioner,
v.
DEPARTMENT OF THE NAVY, Respondent.
 No. 96-3114.
 United States Court of Appeals, Federal Circuit.
 May 14, 1996.
Rehearing Denied June 7, 1996.
 
 Before CLEVENGER, CJ., COWEN, Sr. CJ., and SCHALL, CJ.
 PER CURIAM.
 
 
 1
 Kenneth W.E. Vanderford petitions for review of the decision of the Merit Systems Protection Board (Board) dismissing his Individual Right of Action appeal that challenged the 10-day suspension he received for being AWOL for 3.75 hours on August 2, 1994. We affirm.
 
 
 2
 * Vanderford is a medical clerk in the radiology department of the Naval Medical Center in San Diego. He requested leave from 0730 hours to 1200 hours for the morning of August 2, 1994, in order to engage in representational duties with regard to another case pending before the Board. His superior denied the request, stating that Vanderford was needed at work "because of a full workload schedule." The collective bargaining contract to which Vanderford and his agency are subject required granting official leave time for representational purposes, workload permitting. Since the workload did not permit the requested leave on August 2, the request was denied. Vanderford, however, refused to report for work, and, when informed during the morning that he was AWOL, he replied "I'll report to work when I get there."
 
 
 3
 Vanderford did not argue to the Board that his superior was incorrect in stating that there was a full workload schedule on August 2. Consequently, the Board concluded that Vanderford had alleged no violation of law pertaining to him for which he could claim to have made a protected disclosure. Thus having failed to state a claim upon which relief could be granted in an Individual Right of Action cause, the appeal was dismissed.
 
 II
 
 4
 In this court, Vanderford argues that the denial of his request for leave on August 2 was a violation of the collective bargaining agreement. His argument proceeds from the fact that the agency did not charge him with AWOL for 15 minutes during the morning of August 2, when he participated in an unscheduled telephone conference concerning his representational responsibilities. If those 15 minutes were not AWOL, and hence authorized leave, then--the argument seems to go--the balance of the AWOL time must also be forgiven and treated as official leave, notwithstanding the supervisor's uncontested decision that workload did not permit the requested leave for the whole morning. On this hypothesis, the decision denying the requested leave is alleged to be an unlawful act. Because Vanderford complained to an administrative judge of the Board, on August 3, that he had been denied the requested leave, and because the persons responsible for his 10-day suspension knew that he had made such a complaint, Vanderford contends that he has made out his Individual Right of Action case: namely that he was punished because he blew the whistle on the allegedly unlawful act.
 
 
 5
 Even were we to give Vanderford credit for creativity, we must affirm the dismissal of his cause of action. Under the Whistleblower Protection Act, a disclosure is protected if: "the employee ... reasonably believes [that the disclosure] evidences a violation of law...." 5 U.S.C. § 2302(b)(8)(A)(i) (1994). The Board concluded that the supervisor acted lawfully in denying the requested leave. We perceive no basis for upsetting that conclusion solely because the superior elected not to charge AWOL for the 15 minute telephone conference which ended at 0945 hours. Vanderford's AWOL status continued thereafter until 1200 hours on August 2 when he reported for work.
 
 
 6
 Furthermore, as the Board noted, Vanderford does not allege that there was not a full workload schedule on August 2. Consequently, the Board properly concluded that Vanderford had no reasonable basis to believe that his disclosure to the administrative judge evidenced a violation of law. In the absence of such a reasonable belief, we agree with the Board that no protected disclosure has been made upon which an Individual Right of Action could proceed. Therefore, the Board's decision is (a) not arbitrary or capricious; (b) not an abuse of discretion; (c) in accordance with law; and (d) supported by substantial evidence in the record. 5 U.S.C. § 7703(c) (1994).